IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Hybrid Audio LLC,** | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:10-cv-677 |
| | § | |
| vs. | § | |
| | § | |
| **High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc., Apple, Inc., and Dell, Inc.,** | § | JURY TRIAL |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hybrid Audio LLC ("Hybrid Audio" or "Plaintiff") files this Complaint for patent infringement against Defendants High Tech Computer Corp., a/k/a HTC Corp., HTC (B.V.I.) Corp., HTC America, Inc., Exedea, Inc. ("HTC"), Apple, Inc. ("Apple"), and Dell, Inc. ("Dell") (collectively "Defendants"), and alleges as follows:

### I. PARTIES

1. Plaintiff Hybrid Audio is a limited liability corporation organized and existing under the laws of Texas, with its principal place of business at 100 East Ferguson Street, Tyler, Texas 75702.

2. Upon information and belief, HTC Corporation is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of Taiwan, with its principal place of business at 23 Xinghau Road, Taoyuan 330, Taiwan, Republic of China.

3. Upon information and belief, HTC B.V.I. is a wholly-owned subsidiary of Defendant HTC Corp., and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the British Virgin Islands, with its principal place of business at 13F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands.

4. Upon information and belief, HTC America is a wholly-owned subsidiary of Defendant HTC B.V.I., and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. HTC America may be served with process by serving an officer of the corporation at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.

5. Upon information and belief, Exedea is a wholly-owned subsidiary of Defendant HTC B.V.I., and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036. Exedea may be served with process by serving its registered agent, HTC USA Inc. at 5950 Corporate Drive, Houston, Texas 77036. The defendants described in paragraphs 2-5 may be referenced collectively as the "HTC Defendants."

6. Upon information and belief, Apple is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014-2083. Apple may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

7. Upon information and belief, Dell is, and at all relevant times mentioned herein was, a corporation organized existing under the laws of the State of Delaware, with its principal place of business at 1 Dell Way, Round Rock, Texas 78682. Dell may be served with process by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.   JURISDICTION AND VENUE

8. Plaintiff repeats and re-alleges the allegations in Paragraphs 1–7 as though fully set forth in their entirety.

9. This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq.* This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patent-in-suit, as described more particularly below.

11. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

### III. PATENT INFRINGEMENT

12. Plaintiff repeats and re-alleges the allegations in Paragraphs 1–11 as though fully set forth in their entirety.

13. Hybrid Audio holds all right, title, and interest in and to United States Patent No. RE40,281 ("the '281 Patent" or "the Patent"), entitled "Signal Processing Utilizing a Tree-Structured Array."

14. On information and belief, the HTC Defendants have infringed and are infringing the '281 Patent, in this District and elsewhere within the United States, by engaging in acts constituting infringement under 35 U.S.C. § 271, including, without limitation, making, using, selling, offering to sell, and/or importing in or into the United States, without authority, devices, including, but not limited to, the HTC Evo 4G, that contain hardware and/or software for processing audio information in accordance with the MPEG-1 Layer III (MP3) standard.

15. On information and belief, the HTC Defendants have contributed to and will continue to contribute to infringement of the '281 Patent, in this District and elsewhere within the United States. The underlying acts of direct infringement are performed by users of HTC devices, including, but not limited to, the HTC Evo 4G.

16. On information and belief, the HTC Defendants have induced and will continue to induce infringement of the '281 Patent, in this District and elsewhere within the United States. The underlying acts of direct infringement are performed by users of HTC devices, including, but not limited to, the HTC Evo 4G.

17. On information and belief, Apple has infringed and is infringing the '281 Patent, in this District and elsewhere within the United States, by engaging in acts constituting

infringement under 35 U.S.C. § 271, including, without limitation, making, using, selling, offering to sell, and/or importing in or into the United States, without authority, devices and services, including, but not limited to, the iPod nano, iPhone 4, iPad, MacBook Pro, and iTunes service that contain or use hardware and/or software for processing audio information in accordance with the MPEG-1 Layer III (MP3) standard.

18. On information and belief, Apple has contributed to and will continue to contribute to infringement of the '281 Patent, in this District and elsewhere within the United States. The underlying acts of direct infringement are performed by users of Apple devices and services, including, but not limited to, the iPod nano, iPhone 4, iPad, MacBook Pro, and iTunes.

19. On information and belief, Apple has induced and will continue to induce infringement of the '281 Patent, in this District and elsewhere within the United States. The underlying acts of direct infringement are performed by users of Apple devices and services, including, but not limited to, the iPod nano, iPhone 4, iPad, MacBook Pro, and iTunes.

20. On information and belief, Dell has infringed and is infringing the '281 Patent, in this District and elsewhere within the United States, by engaging in acts constituting infringement under 35 U.S.C. § 271, including, without limitation, making, using, selling, offering to sell, and/or importing in or into the United States, without authority, devices, including, but not limited to, Inspiron desktops, Studio desktops, Alienware desktops, Inspiron laptops, Adamo laptops, XPS laptops, Alienware laptops, Streak pocket tablet, and Aero smartphone, that contain or use hardware and/or software for processing audio information in accordance with the MPEG-1 Layer III (MP3) standard.

21. On information and belief, Dell has contributed to and will continue to contribute to infringement of the '281 Patent, in this District and elsewhere within the United States. The

underlying acts of direct infringement are performed by users of Dell devices, including, but not limited to, Inspiron desktops, Studio desktops, Alienware desktops, Inspiron laptops, Adamo laptops, XPS laptops, Alienware laptops, Streak pocket tablet, and Aero smartphone.

22. On information and belief, Dell has induced and will continue to induce infringement of the '281 Patent, in this District and elsewhere within the United States. The underlying acts of direct infringement are performed by users of Dell devices, including, but not limited to, Inspiron desktops, Studio desktops, Alienware desktops, Inspiron laptops, Adamo laptops, XPS laptops, Alienware laptops, Streak pocket tablet, and Aero smartphone.

23. As a direct and proximate consequence of the acts and practices of each of the Defendants in infringing, directly and/or indirectly, one or more claims of the '281 Patent, Hybrid Audio has suffered, is suffering, and will continue to suffer injury and damages to its business and property rights for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

24. In addition, the infringing acts and practices of each of the Defendants has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Hybrid Audio for which there is no adequate remedy at law, and for which Hybrid Audio is entitled to injunctive relief under 35 U.S.C. § 283.

## IV.  PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '281 Patent;

B. A judgment and order preliminarily and permanently enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '281 Patent;

C. A judgment and order requiring each Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

D. An award of all costs of this action, including attorneys' fees and interest; and

E. Such other and further relief as the Court deems just and equitable.

## V. DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues be determined by a jury.

DATED:  December 21, 2010.                    Respectfully submitted,

**MCKOOL SMITH, P.C.**
/s/  Kevin L. Burgess
Kevin Lee Burgess
Lead Attorney
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Seth R. Hasenour
Texas State Bar No. 24059910
shasenour@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744


**MCKOOL SMITH, P.C.**
Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095


**OF COUNSEL**
Daniel Carlineo
California State Bar No. 197889
dcarlineo@csk-iplaw.com
**CARLINEO, SPICER & KEE, LLC**
2003 S. Easton Rd., Suite 208
Doylestown, PA 18901
Telephone:  (267) 880-1722
Telecopier:  (267) 880-1721

**ATTORNEYS FOR PLAINTIFF
HYBRID AUDIO LLC**